**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH J. HOFFMAN JR. | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 12-2303 |
| v. | : | **OPINION** |
| METROPOLITAN INSURANCE & ANNUITY CO., MET TOWER & LIFE INSURANCE CO., NIKOLAOS PLIANTHOS, ERIC FRANTZ, JOHN DOES 1-10, jointly, severally, and in the alternative | : | |
| Defendants. | : | |

**RODRIGUEZ**, Senior District Judge

Presently before this Court is Plaintiff's motion to remand under 28 U.S.C. § 1447(c). Plaintiff Joseph Hoffman Jr., ("Plaintiff"), seeks to have his claims of breach of contract and breach of duty of good faith and fair dealing against Defendant Metropolitan Tower Life Insurance Company, ("Met Life") (pled as Metropolitan Insurance & Annuity Company and Met Tower & Life Insurance Company), remanded to the Superior Court of New Jersey, Gloucester County after his claims against the non-diverse defendants were dismissed pursuant to an order from the Western District of Pennsylvania. The Court has considered the written submissions of the parties, and for the reasons set forth below Plaintiff's motion for remand is DENIED.

## Factual Background

Defendant Metropolitan Tower Life Insurance Company is a Delaware corporation with its principal place of business in New York, NY. (Notice of Removal

¶6.) In 1999 Met Life was the defendant in a class action based on actions it took from 1982-1997, which ended with a settlement agreement. See, In re Metro. Life Ins. Co. Sales Practice Litig., No. 96-179 MDL 1091, 1999 WL 33957871 (W.D. Pa. 1999).

Plaintiff Joseph Hoffman, Jr., is a citizen of New Jersey and resides in Gloucester County, New Jersey. According to the Complaint, in 1989 Joseph J. Hoffman Sr. purchased a $25,000 universal life insurance policy (#881278775UL) from Met Life. (Compl. at ¶ 5.) In 1993, Met Life, through its agents Nikolaos Plianthos and Eric Frantz, advised Mr. Hoffman Sr. he could increase the coverage of his original life insurance policy from $25,000 to $50,000 if he transferred $3,875.65 in dividends from his $10,000 Met Life Whole Life Policy (#770273223A) to his $25,000 policy. (Compl. at ¶ 6.) Mr. Hoffman Sr. was advised by the agents the new $50,000 policy (hereafter "the policy") would not require any further payments and the money would be payable to his beneficiaries (Richard Hoffman and Plaintiff) unless Mr. Hoffman Sr. canceled the policy. (Compl. at ¶¶ 6, 8.)

For his records, Richard Hoffman mailed a letter to Mr. Plianthos detailing the information Mr. Plianthos gave to the Hoffmans and asking him to review and confirm that the information was accurate. (Compl. at ¶ 9.) In confirmation, Mr. Plianthos signed and returned the letter to Richard Hoffman. (Compl. at ¶ 10.) Despite this, the Hoffman's continued to receive bills for the policy and in 2009 Met Life terminated the policy for non-payment. (Compl. at ¶ 13.) In 2010 Mr. Hoffman Sr. died and Met Life refused to honor the terms of his life insurance policy. (Compl. at ¶ 14.)

**Procedural History**

Plaintiff filed a complaint in the Superior Court of New Jersey, Gloucester County

alleging that Met Life and its agents committed breach of contract, violated New Jersey's Consumer Fraud Act, and committed bad faith dealings, common law fraud, and negligence. In response, Met Life filed a motion to stay the litigation in the state court pending the outcome of a motion they filed in the Western District Court of Pennsylvania to enforce the settlement agreement from In re Metro. Life Ins. Co. Sales Practice Litig. and enjoin Plaintiff from pursuing his claims. See, In re Metro. Life Ins. Co. Sales Practice Litig. , No. 96-179, slip. op. (W.D. Pa. Mar. 22, 2012).

In support of its motion, Met Life argued that Plaintiff's claims should have been asserted during the class action because they arose from misrepresentations made during the class period (1982-1997) and Plaintiff had not opted out of the class. Because the terms of the settlement barred a plaintiff from bringing claims that could or should have been asserted during the class action, Met Life argued that Plaintiff could not assert his claims now. In opposition to the motion, Plaintiff argued his claims could not have been brought during that period because his claims did not arise until 2009, making them independent from the claims encompassed by the settlement agreement.

The Western District of Pennsylvania granted in part and denied in part Met Life's motion, holding Plaintiff could not assert any claim based on events arising during the class period because they were barred by the earlier settlement. In re Metro. Life Ins. Co. Sales Practice Litig. , No. 96-179, slip. op. at 9 (W.D. Pa. Mar. 22, 2012). Thus, under the ruling, Plaintiff could pursue any claim based on conduct that arose after the class period, but could not pursue claims based on the actions Met Life took between 1982 and 1997. As a result of the ruling, Plaintiff was enjoined from pursuing any claims against Mr. Plianthos and Mr. Frantz (the non-diverse defendants) based on actions

they took during the class period.

After the ruling, Met Life removed the case to this Court on April 18, 2012. On May 5, 2012 Plaintiff stipulated to the dismissal of Mr. Frantz and Mr. Plianthos. [Dckt Entry ## 4, 5.] Due to the stipulations, diversity between the parties was created for the first time. Plaintiff filed the instant motion to remand the case to New Jersey Superior Court, Gloucester County on May 30, 2012, forty-two days after Defendant removed the case, arguing that removal was inappropriate because the non-diverse parties had been involuntarily dismissed. In opposition, Met Life argues that even if the dismissals were involuntary, such a defect in removal constitutes a procedural defect and Plaintiff therefore waived the right to object to removal after 30 days.

## Discussion

### I. Removal

Whether an action can be removed to federal court by a defendant after being filed in state court is determined by 28 U.S.C. § 1441(a). According to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

After a case is removed, the plaintiff can move to have the case remanded based on a defect with the removal. 28 U.S.C. § 1447(c).[1] The burden is on the defendant to show

[1] A plaintiff can move to have a case remanded in two situations: (1) when there is a procedural defect with the removal procedure to which plaintiff objects within 30 days of the removal, and (2) if the court lacks subject matter jurisdiction, which can be raised at any time and cannot be waived. According to § 1447(c):

removal is appropriate, and not on the plaintiff to show that removal is inappropriate. Lee v. Carter-Reed Co., L.L.C., No. 06-1173, 2006 WL 3511160, *2 (D.N.J. Dec. 5, 2006) (citing Abels v. State Farm Fire & Cas. Co., 770 F. 2d 26, 29 (3d Cir. 1985)). Furthermore, all doubts over the federal court's jurisdiction are resolved in favor of remand. Lee, 2006 WL 3511160 at *2.; see also Batoff v. State Farm Ins. Co., 977 F. 2d 848, 851 (3d Cir. 1992). In determining whether removal is appropriate, the court must focus on the claim at the time it was filed and assume all the factual allegations of the complaint are true. Steel Valley Auth. v. Union Switch & Signal Div., 809 F. 2d 1006, 1010 (3rd Cir. 1987).

To remove a case based on diversity, diversity between the parties must exist at the time the claim was filed and when removal is sought. Am. Dredging Co. v. Atl. Sea Con, Ltd., 637 F. Supp. 179, 181 (D.N.J. 1986) (citing Kellam v. Keith, 144 U.S. 568 (1892)). If diversity did not exist at the time the claim was filed, a claim can only be removed based on diversity when the plaintiff voluntarily creates it. Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 98 (1898). As such, the appropriateness of removal when diversity is created after a claim is filed is based on the plaintiff's volition

---

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section § 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

in dismissing any non-diverse party. LGP Gem Ltd. v. Cohen, 636 F. Supp. 881, 882-83 (S.D.N.Y. 1986). In other words, if diversity is created by the plaintiff's voluntary act, the case is removable. See generally, Whitcomb v. Smithson, 175 U.S. 635, 636 (1900).; see also Powers, 169 U.S. at 98. This is known as the voluntary-involuntary rule (hereafter "the rule").

**A. The Voluntary-Involuntary Rule**

Under the voluntary-involuntary rule, a case is removable when the plaintiff voluntarily dismisses the claim against the non-diverse party. Whitcomb, 175 U.S. at 636.; see also Rubino v. Genuardi's Inc., No. 10-6078, 2011 WL 344081, *5 (E.D. Pa. Jan. 31, 2011) ("Under the voluntary-involuntary rule, a case that is not initially removable cannot become removable except by a voluntary act of the plaintiff, such as an amendment of the pleadings or a voluntary dismissal of the non-diverse defendant." citing Great No. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918)).; see also In re Asbestos Products Liab. Litig. No. VI, 801 F. Supp. 2d 337, 339 (E.D. Pa. 2011) (same). A voluntary act constitutes the plaintiff's desire not to pursue the case against a non-diverse party, demonstrated by voluntarily amending the pleadings. Higgins v. E.I. DuPont de Nemours & Co., 863 F. 2d 1162, 1166 (4th Cir. 1988). Conversely, when the non-diverse defendant is dismissed against the plaintiff's will, due to an interlocutory order from a judge, removal is inappropriate. Whitcomb, 175 U.S. at 636.; see also LGP Gem Ltd., 636 F. Supp. at 882-83.; Higgins, 863 F. 2d at 1166.

The Third Circuit has not directly addressed whether the rule applies subsequent to the 1949 and 1988 amendments to § 1446(b); however, other circuits have addressed the issue. In Weems v. Louis Dreyfus Corp., the Fifth Circuit examined the legislative

history of the 1949 amendment and concluded that Congress did not intend to eliminate the rule because the amendments only altered the timetable for removal. Weems v. Louis Dreyfus Corp., 380 F. 2d 545, 548-49 (5th Cir. 1967). In Poulos v. Naas Foods, Inc., Judge Cudahy stated every court of appeals which has considered the issue has concluded the rule survived the 1949 amendment. Poulos v. Naas Foods, Inc., 959 F.2d 69, 72 (7th Cir. 1992). Though the Third Circuit does not explicitly mention the rule, it does leave open the possibility of its use. Abels v. State Farm Fire & Cas. Co., 770 F. 2d 26, 33 (3d Cir. 1985) (arguing there may be situations when removal of the non-diverse defendants supports removal). As such, the rule continues to remain viable and is used by district courts within the Circuit. See, e.g., Rubino v. Genuardi's Inc., No. 10-6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011).

In Rubino, the plaintiff's claims against non-diverse defendants were dismissed with prejudice by the courts in response to the defendant's motion, and the plaintiff stipulated to their dismissal. Rubino, 2011 WL 344081 at *2. Because diversity was created, the defendants subsequently removed the case to federal court. Id. The district court held that the plaintiff's dismissal of the non-diverse parties was not based on the plaintiff's voluntary decision not to pursue the claims. Id. Rather, the decision was based on the requirement that plaintiff comply with a court order and was therefore involuntary. Id.; see also Greco v. Beccia, No. 99-2136, 2001 WL 121887, *1 (M.D. Pa. Feb. 13, 2001) (removal denied because the court's transfer of parties out of the litigation to other courts was involuntary).; Lee, 2006 WL 3511160 at *3 (rule operates in conjunction with the 1988 amendment to the removal statute). Accordingly, the rule has survived the amendments to the removal statute. Defendants argue, however, that

because the rule is an element of the removal procedure, objections to the removal process based on a violation of the rule are waived if the motion to remand is not filed within 30 days of the removal. The Court agrees.

**B. Procedural Defects in Removal**

The removal statute cannot be viewed as imposing independent jurisdictional requirements on the federal courts, and thus not every removal requirement is jurisdictional. See Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F. 3d 46, 48-50 (3d Cir. 1995). Under § 1447(c), the plaintiff has 30 days to challenge the propriety of a removal on any basis other than lack of subject matter jurisdiction. See Cook v. Wikler, 320 F. 3d 431, 435 (3rd Cir. 2003) (discussing the implications of 1996 amendment to § 1447(c)).; see also Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 836 (W.D. Pa. 2006) (any defect other than subject matter jurisdiction must be raised within 30 days of removal). Any defect in the removal process that does not implicate the original jurisdiction of the federal courts is procedural. Booth v. Furlough Inc., 995 F. Supp. 629, 632 (E.D. Va. 1998).; see generally, Korea Exch. Bank, N.Y., 66 F. 3d at 48-50 (holding removal by in-state defendant is a procedural defect because does not affect court's original jurisdiction).

Objections to procedural defects are waived if they are not filed within 30 days of the removal whereas jurisdictional defects can be raised at any time. See Hurley v. Motor Coach Indust., Inc., 222 F. 3d 377, 379-80 (7th Cir. 2000).; see also Ayers v. Watson, 113 U.S. 594 (1995) (non-jurisdictional arguments can be waived, jurisdictional cannot be waived).; Gruber v. Hubbard Bert Karle Weber, Inc., 684 F. Supp. 879, 882

(W.D. Pa. 1988) (procedural defects in removal may be waived) citing Mackay v. Uinta Dev. Co., 229 U.S. 173 (1913). To determine whether an irregularity in the removal was a procedural defect, the relevant inquiry is whether the irregularity affects the subject matter jurisdiction of the courts. See, e.g., Allbritton Communications Co. v. N.L.R.B., 766 F.2d 812, 820 (3d Cir.1985) (whether a defect is waivable depends on if the courts would have original jurisdiction).; Grubbs v. General Electric Corp., 405 U.S. 699, 702-04 (1972).; Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 344 n. 8 (1976). Thus, if the defect in the removal procedure does not affect whether there is complete diversity or an adequate amount in controversy, the defect is procedural. See Ariel Land Owners Inc. v. Dring, 351 F. 3d 611, 614 (3d Cir. 2003) (failure to comply with the time limits in § 1447 is a procedural defect because it does not affect original jurisdiction).; St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc., 774 F. Supp. 2d 596, 613 (D. Del. 2011) (same). Accordingly, failure to file a motion to remand based on a procedural defect within 30 days results in the waiver of the objection to the removal process. 28 U.S.C. § 1447(c).; see Daly v. Norfolk S. R. Co., No. 09-4609, 2010 WL 572116 (D.N.J. Feb. 17, 2010).; see also Otero v. GlaxoSmithKline, PLC, No. 10-7163, 2011 WL 1399842 (E.D. Pa. Apr. 7, 2011).

The language of § 1447(c) indicates that procedural defects include all removals that are not authorized by law. See Cook, 320 F. 3d at 435.; see also Pierpoint v. Barnes, 94 F. 3d 813, 817 (2d Cir. 1996) (finding that the phrase "defect in removal procedure" must be interpreted broadly). According to the Second Circuit, it was Congress' intent to create a strict time frame for all challenges to removal based on impropriety, excluding only challenges based on the subject matter jurisdiction of the courts. Piper, 94 F. 3d at

817.; see also 14A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 3739 (Supp. 1995) ("Although the statute could have been more clearly drafted, it seems clear that it means that the 30-day limit applies to all motions to remand except in cases in which the court lacks subject matter jurisdiction."). Therefore, even if an unremovable case was removed, if the defect does not affect the subject matter jurisdiction of the courts, the defect is procedural and must be asserted within 30 days of the removal.

As such, the Court finds that removal in violation of the voluntary-involuntary rule is a procedural defect. Plaintiff contends that this case was unremovable based on the rule, but even so, the removal was procedurally defective and not jurisdictionally defective. The rule does not affect the subject matter jurisdiction of the courts because its application does not affect diversity between the parties or the amount in controversy. Because the rule does not affect the original jurisdiction of the court, removal in violation of the rule is procedurally defective, not jurisdictionally defective, and can be waived. Accordingly, removal in violation of the rule is a procedural defect in the removal process that must be objected to within 30 days.

Met Life argues that Plaintiff waived his ability to object to the removal based on the voluntary-involuntary rule because it is an objection to a defect in the removal procedure and was waived after the 30-day period in § 1447(c) expired. The Court agrees. Plaintiff filed this motion with the Court 42 days after Met Life filed for removal, exceeding the 30-day requirement in § 1447(c). This time frame cannot be ignored when a motion to remand is based on a procedural defect as opposed to lack of subject matter

jurisdiction.[2] Thus, Plaintiff has waived his objection to the removal process based on a violation of the voluntary-involuntary rule. Plaintiff's brief relies solely on this procedural defect to support his motion and offers no additional support for his motion to remand. Accordingly, Plaintiff has waived his objection to the removal process and the motion to remand will be denied.

## Conclusion

For the reasons expressed above, Plaintiff's motion to remand is denied. The appropriate order shall issue.

Dated: August 1, 2012

S/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge

[2] The Court observes that before complete diversity actually existed in this case, Defendant removed to this Court based on the Order issued by the Western District of Pennsylvania regarding Plaintiff's ability to pursue claims arising during the class period covered by the Pennsylvania litigation. Defendants asserted that the court's Order precluded Plaintiff's claims against the individual, non-diverse defendants because those claims did not survive after entry of the Order. (Notice of Removal ¶¶ 10-12.) At that time, the non-diverse defendants had not been formally removed from the case. Plaintiff did not seek to remand the case at that time challenging subject matter jurisdiction. Instead, Plaintiff dismissed the non-diverse defendants and waited an additional 22 days to file the motion to remand based on the voluntary-involuntary rule.